CIVIL CITATION – CITCVWD

## THE STATE OF TEXAS

To:  Terry Ray Insurance
Terry Lee Ray
7200 Highway 87 North
Orange TX 77632

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the Honorable 163rd District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on August 9, 2019 in the following styled and numbered cause:

Cause No: 190305-C

**Travis Allen, et ux VS. Texas Farmers Insurance Company, et al**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
David Dies
1703 Strickland Dr
ORANGE TX 77630

**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this August 12, 2019.



**VICKIE EDGERLY**, District Clerk
Orange County, Texas

*Vickie Edgerly*

### RETURN

Came to hand on the _16_ day of _August_, 20_19_, at _0:00_ o'clock _A_. M., and executed in _Orange_ County, Texas, at ____ o'clock ____.M., on the ____ day of _August_, 20_19_, by delivering, in accordance with the requirements of law, to the within named _Terry Ray Insurance_ In person, a by _____/true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____
the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

TOTAL FEES: _____    BY: _____

**EXHIBIT B**

FILED: 8/9/2019 3:06 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Annette Vaughan

Cause No. B190305-C

| | | |
|---|---|---|
| TRAVIS ALLEN, and wife, BESSIE ALLEN | § § § | IN THE JUDICIAL DISTRICT |
| VS. | § § § | ORANGE COUNTY, TEXAS |
| TEXAS FARMERS INSURANCE COMPANY, TERRY LEE RAY, AND TERRY RAY INSURANCE | § § § | 163rd DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TRAVIS ALLEN, and wife, BESSIE ALLEN, hereinafter referred to as Plaintiffs, and complains of TEXAS FARMERS INSURANCE COMPANY, hereinafter referred to as Defendant, and as grounds would show unto the court the following:

I.

Plaintiffs intend that discovery be conducted under Level III, Texas Rule of Civil Procedure 190.4.

II.

Plaintiffs, TRAVIS ALLEN and wife, BESSIE ALLEN are the owners of the residential property made the subject of this suit, which is situated in Orange County, Texas.

Defendant, TEXAS FARMERS INSURANCE COMPANY, is a corporation doing business in the venue and jurisdiction of this Court, who may be served by serving its registered agent/attorney for service: Chris Granger, 15700 Long

Vista Drive, Austin, TX 78728-3822.

Defendant, TERRY LEE RAY, an Individual who is a resident of Texas, may be served with process at his office at the following address: 7200 Highway 87 North, Orange, TX 77632.

Defendant, TERRY RAY INSURANCE, an insurance agency operating in the State of Texas, may be serviced with process by serving Terry Lee Ray at 7200 Highway 87 North, Orange, TX 77632.

### III.

The Court has jurisdiction over Defendant, TEXAS FARMERS INSURANCE COMPANY because Defendant is a company doing business in the State of Texas and has purposefully established minimum contacts with the State of Texas. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

### IV.

Venue is proper in Orange County, Texas because the events made the basis of this suit took place in Orange County, Texas and the property made the subject of this claim is located in Orange County, Texas.

### V.

This lawsuit is brought against Defendant insurance carrier and Defendant insurance agents for recovery of costs of repair to Plaintiffs' residence caused by Hurricane Harvey. TEXAS FARMERS INSURANCE COMPANY and/or TERRY LEE RAY, and/or TERRY RAY INSURANCE, Defendants, sold a policy of

homeowner's insurance to Plaintiffs and contracted to indemnify Plaintiffs for all losses caused by windstorm. Without advising Plaintiffs, the Defendants changed the amount of flood coverage to an amount that would provide virtually no coverage to Plaintiffs. On or about August 29, 2017, Hurricane Harvey caused extensive damages to Plaintiffs' residence located at 2947 Beechwood Drive, Orange, Orange County, Texas. Such costs of repair are estimated to be $137,388.05. Plaintiffs made proper claim for all costs of repair as required under the policy and allowed Defendant insurance company representatives and adjusters access to the property for thorough inspection and appraisal. To date, Defendant TEXAS FARMERS INSURANCE COMPANY, its agents, servants, employees and representatives have failed to indemnify and compensate Plaintiffs for their costs of repair. To date, Defendant, TERRY LEE RAY and Defendant, TERRY RAY INSURANCE have failed to indemnify Plaintiffs for their losses.

## VI.

Plaintiffs bring this suit pursuant to Articles 541 and 542, et seq. of the Texas Insurance Code for all costs of repair and damages to their residence caused by Hurricane Harvey. The evidence will likely show:

1) Defendant and its representatives knowingly misrepresented to claimants pertinent facts or policy provisions relating to the coverage at issue;

2) Defendant and its representatives failed to acknowledge with

reasonable promptness pertinent communications relating to the claim;

3) Defendant and its representatives failed to adopt and implement reasonable standards for the prompt investigation of the claim;

4) Defendant and its representatives failed to attempt in good faith, a prompt, fair and equitable settlement of the claim submitted in which liability has become clear;

5) Defendant and its representatives have compelled claimants to institute suit by offering substantially less than the amounts Plaintiffs will likely recover in suit;

6) Defendant and its representatives have negligently or intentionally refused to pay the proper amount due under the policy.

Further, the evidence will likely show TERRY LEE RAY, TERRY RAY INSURANCE and TEXAS FARMERS INSURANCE COMPANY modified the coverage provisions of the policy without explaining to the Plaintiffs what they had done; causing the Plaintiffs to have virtually no insurance. Such actions amount to negligence, gross negligence, and misrepresentation which proximately caused the injury to Plaintiffs.

The foregoing acts and omissions were a proximate cause of Plaintiffs damages.

## VII.
## DECEPTIVE TRADE PRACTICES

Plaintiffs would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged hereinbelow.

Unconscionable Action or Course of Action. Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

Violations of Section 17.46(b). Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendants:

(a) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(b) advertised goods or services with intent not to sell them as advertised;

(c) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

(d) failed to disclose information concerning goods or services

which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

<u>Misrepresentation of Insurance Policy</u>. Defendants misrepresented an insurance policy as prohibited by Section 541.061 of the Texas Insurance Code, to wit:

    (a)    making an untrue statement of material fact;

    (b)    failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

    (c)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

<u>Unfair and Deceptive Acts or Practices</u>. Defendants also engaged in unfair and deceptive acts or practices prohibited by Subchapter B, Chapter 541, Texas Insurance Code, to wit:

    (a)    either:

        (1)    making, issuing, or circulating, or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

            (A)    the terms of the policy;

            (B)    the benefits or advantages promised by the policy; or

(C) the dividends or share of surplus to be received on the policy; or

(5) making a misrepresentation to a policyholder insured by any insurer for the purpose of inducing or that tends to induce the policyholder to allow an existing policy to lapse or to forfeit or surrender the policy.

Producing Cause. Plaintiffs would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiffs' damages more fully described hereinbelow.

Reliance. Plaintiffs would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiffs to Plaintiffs' detriment.

## VIII.
## COMMON LAW FRAUD

Plaintiffs further show that Defendants made material false representations to Plaintiffs with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiffs, and that Plaintiffs relied on these representations to their detriment.

As a proximate result of such fraud, Plaintiffs sustained the damages described more fully hereinbelow.

## IX.
## NEGLIGENT MISREPRESENTATION

Plaintiffs would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiffs in the transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiffs aver that Plaintiffs suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiffs' justifiable reliance on such information.

Plaintiffs therefore assert a cause of action for negligent misrepresentation against Defendants, as provided by <u>Federal Land Bank Association of Tyler v. Sloane</u>, 825 S.W.2d 439 (Tex. 1991).

## X.
## AGENCY

At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of TERRY LEE RAY and TERRY RAY INSURANCE, Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

Said Defendant is therefore liable to Plaintiffs for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## XI.
## RESPONDEAT SUPERIOR

At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee or agent of TERRY LEE RAY and TERRY RAY INSURANCE, Defendants, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

Defendants TERRY LEE RAY and TERRY RAY INSURANCE are therefore liable to Plaintiffs for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

## XII.
## DAMAGES

Plaintiffs would show that the reasonable and necessary costs of repair caused by Hurricane Harvey are $137,388.05 for which suit is brought. Plaintiffs further allege that additional cost of repairs will likely be found as construction proceeds on the residence.

## XIII.
## EXPENSES

Plaintiffs bring this lawsuit for recovery of all costs of expenses related to the lawsuit and for all statutory penalties, interest and punitive damages allowed by law.

## XIV.
## ATTORNEY'S FEES

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 154.152(1) of the Texas Insurance Code; and, (c) common law.

## IX.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein and that upon final hearing, Plaintiffs have judgment over and against the Defendant, judgment for all damages and injuries alleged herein which are in excess of the minimum jurisdictional limits of this Court, and further that Plaintiffs have over and against all named Defendant herein such judgment together with punitive damages, prejudgment interest, post-judgment interest at the legal rate of interest, attorney's fees that are reasonable and necessary that are allowed by law, costs of Court, all other damages as allowed by law and for such other and further relief, both general and specific, in law and in equity, for which Plaintiffs may show themselves justly entitled.

**PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.**

Respectfully submitted,

DIES LAW OFFICES

DAVID DIES
State Bar #05850800
1703 Strickland Drive
Orange, Texas  77630
rherford@dieslaw.com
(409) 883-0892
(409) 670-0888 - Facsimile

ATTORNEYS FOR PLAINTIFFS